[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: PLAINTIFFS' MOTION TO RESTORE CASE TOCOURT'S TRIAL LIST
CT Page 7298
On September 11, 1996, having reviewed the file in this matter and having determined that the pleadings were not closed, the court ordered the case stricken from he courtside trial list. The plaintiffs have now moved to restore the case to the trial list,[1] claiming that the pleadings are in fact closed and that the court erred in determining that they were not. Material to this determination are the following facts:
On June 24, 1993, the case was claimed to what was then the trial list. On January 10, 1994, the plaintiffs moved to amend the complaint by adding a count alleging fraud. On January 10, 1994, certain of the defendants filed objections to the request for leave to amend the complaint. On March 8, 1994, the court, Gordon, J., overruled those objections. On July 15, 1994, and thereafter, various defendants filed requests to revise the amended complaint.
The plaintiffs note that Practice Book § 177 "gives a party 10 days within which to alter his pleadings, if he so desires" following an amendment. The only responses to the amended complaint, the requests to revise, were filed several months after the objections to the proposed amendment were denied. The plaintiffs therefore appear to claim that the purported requests to revise are of no effect and that the defendants' responses to the complaint prior to its amendment stand insofar as they are applicable. Moreover, to the extent that the amended complaint raises additional issues, the plaintiffs suggest that the new allegations contained within the amended complaint must be deemed admitted, pursuant to Practice Book § 129.
The flaw in the plaintiffs' argument is that, although perhaps untimely, the defendants did file requests to revise, and the plaintiffs never objected to those pleadings on grounds of timeliness or on any other grounds. The plaintiffs have offered nothing to suggest that the ten day time limitation contained within Practice Book § 177 could not be waived by them. This court concludes that they have in effect waived any claim of lack of timeliness by failing to object to the requests to revise. Moreover, more than 30 days having passed from the filing of the requests to revise with no objection thereto having been filed, the requests to revise are "deemed to have been automatically granted by the court on the date of filing". Practice Book § CT Page 7299 149. The requests to revise having been deemed granted, the burden is on the plaintiffs to file a revised pleading to which the defendants may respond and then close the pleadings. If the plaintiffs do not do so, the defendant may take appropriate action to remove the proposed amended complaint from the court's consideration, thereby closing the pleadings. Once either of these courses of action has been accomplished, any of the parties may certify that the pleadings are closed in accordance with Practice Book § 258. Giving the age of this case, the parties may rest assured that once the pleadings are certified to have been closed, the case will promptly assigned for a trial.
For the above reasons, the motion to restore case to court's trial list is denied.
Jonathan E. Silbert, Judge